IN RE LUIS ACEVEDO ACEVEDO, JUSTICE OF THE PEACE, RINCÓN PART, PUERTO RICO, Respondent.

No. 8. Submitted May 15, 1961.—Decided May 29, 1961.

*Hiram R. Cancio, Secretary of Justice, J. B. Fernández Badillo,
Attorney General,* and *William Fred Santiago, Special Pro-
secuting Attorney,* for the People. *Felipe Marchand Gonzá-
lez* and *Yamil Galib Frangié,* for respondent.

PER CURIAM.

In virtue of our Order of November 9, 1959, the Secretary
of Justice of Puerto Rico and the Attorney General of Puerto
Rico, represented by the Special Prosecuting Attorney Wil-
liam Fred Santiago, filed a complaint in this Court on May 9,
1960, against Luis Acevedo Acevedo, Justice of the Peace of
Puerto Rico, Rincón Part, requesting the permanent removal
of respondent from his office or the application of the
disciplinary or corrective action which this Court deemed most
adequate under the concurring circumstances, charging him
with the following sole count:

"FIRST AND ONLY COUNT.—That during August 15, 16 and 17,
1959, as he was acting and performing his duties as Justice of the
Peace, Rincón Part, when he was in the process of investigating
the death of citizen Raúl Lisboa Cardona, which occurred acci-
dentally, respondent Judge Luis Acevedo Acevedo observed im-
moral conduct unbecoming a magistrate, consisting in that, know-
ing that his brother, Juan Acevedo Acevedo, was the person who
caused said death, he instructed the eye-witness of said accident,
Enrique Brignoni Cardona, not to say anything until his brother
spoke to an attorney in Mayagüez; and allowing his brother, the
alleged author of the crime, and the witness of The People, to go
to Mayagüez, respondent returning to the town of Rincón, from
where he telephoned the District Attorney, Hon. Ramón Torres
Rodríguez, after his brother and Brignoni Cardona had returned
from Mayagüez, all of which impairs the prestige, the dignity and
the good name of the office of Judge which he performs and that
of the administration of justice.

"That the above-mentioned conduct is manifestly immoral
and unbecoming and denotes total negligence in complying with
the duties of respondent as examining magistrate, constituting

besides, a violation of the Canons of Judicial Ethics Nos. 1, 8 and 11.

"IN VIEW OF THE FOREGOING the Secretary of Justice through his undersigned attorneys, respectfully prays this Hon. Court to enter an Order, upon the corresponding legal proceedings, permanently removing respondent or applying to him such disciplinary or corrective action as the Court may deem most adequate under the concurring circumstances.

"Having charged in this complaint acts which reflect an immoral conduct unbecoming a magistrate, it is prayed that while the complaint is heard and in the exercise of the discretion of this Hon. Court, the magistrate be suspended from office and pay."

By our Order of May 17, respondent was suspended from his office and salary until a further order of this Court.

Respondent having been notified with a copy of the complaint, he answered the same specifically denying the facts alleged in the first and only count with which he was charged and, on the contrary, alleged that on August 15, 16 and 17, 1959, he acted and performed his duty as Justice of the Peace, Rincón Part, with entire propriety and lawfulness.

On October 20, 1960, Alfredo Archilla Guenard, Superior Judge, was appointed as Master to hear and receive, in the presence of both parties, whatever evidence they might offer, so that once all the evidence was introduced, he should certify it accordingly and file it in the Office of the Secretary of this Court, together with his findings of fact.

The hearing on the merits having been held on December 6 and 12, 1960, Alfredo Archilla Guenard acting as Master, sent to this Court the transcript of the evidence together with a statement of facts which textually reads thus:

"Statement of Facts.—Now COMES the undersigned Master and in compliance with the Order of that Hon. Court, dated October 20, 1960, submits the following statement of facts:

"(1) That respondent Luis Acevedo Acevedo, on August 15, 16 and 17, 1959, was acting as Justice of the Peace of Puerto Rico, Rincón Part, and on said date he had been in that office for 16 years.

"(2) On Saturday, August 15, 1959, about twelve thirty or one o'clock in the afternoon, an automobile accident occurred in Calvache Ward in Rincón, Puerto Rico, in which citizen Raúl Lisboa Cardona died upon being run over by an unknown automobile.

"(3) Respondent Judge, accompanied by Sergeant Juan Nieves Ruperto, who was Commandant of Police Headquarters at Rincón at that time, intervened in the investigation of these events. He immediately called the Prosecuting Attorney of Aguadilla, Hon. Ramón Torres Rodríguez, and told him about the accident and that the investigation would prove difficult because the identity of the offender was unknown. The Prosecuting Attorney of Aguadilla and respondent, continued the investigation of the case with the cooperation of the Police, until August 17, 1959, when it was finally solved.

"(4) Respondent did not know that the offender in the events which he himself was investigating, was his own brother Juan Acevedo Acevedo, known as Juancho. It was not until Monday, August 17, 1959, about seven or half past seven in the morning when he learned from Teresa Cardona González, in his own house, about his brother's participation in the accident.

"(5) The day of the crime, Juan Acevedo Acevedo, brother of respondent, was driving together with José Enrique Brignoni Cardona, a Chevrolet automobile, 1958 model, belonging to Antonio Santos, on insular highway No. 2, and when he reached Calvache Ward he ran over citizen Raúl Lisboa Cardona. He did not stop to aid him, although his companion asked him to do so. He warned his companion not to reveal anything to the authorities. Later, he threatened him with a knife to keep silent and the latter, either for fear or ignorance, did not reveal the events. In view of the fact that the case was not solved and that the criminal did not give himself up to the police, witness José Enrique Brignoni Cardona decided to tell his mother, Teresa Cardona González, and asked her that if by Monday the offender had not given himself up, to go to Police Headquarters and report the case. Teresa Cardona González went to respondent's residence at seven o'clock in the morning of August 17, 1959, and personally gave him an account of the information she had received from her son, the night before.

"(6) Respondent thus informed went out to the street and met Sergeant Juan Nieves Ruperto and although he did not inform him of what he had just learned about the case they were

both investigating, yet he asked him to lend him his car, which he used later in order to search for his brother. Between eight-thirty and nine o'clock in the morning, Captain Emilio Quiñones Guardiola, who was acting that day as Commandant of the Police in the Mayagüez Zone, went by Rincón on his way to Aguadilla and he stopped to ask respondent about the investigation of the case. Respondent merely told him that he had a good clue and told him nothing about what he already knew in relation to his brother Juancho. Later he went for his brother and did not find him at his mother's house. There he learned that he was working at the quarry of Antonio Santos, owner of the automobile which caused the accident at Calvache Ward in Rincón, Puerto Rico. José Enrique Brignoni Cardona, the only eye-witness in the case, also worked in said place. He went to the quarry and there he spoke in the first place to said witness for the prosecution and thereby confirmed that his brother was the author of the crime. He made Brignoni accompany him to the place where his brother was and when he saw him, said: *"Here everyone knows that you killed that man, let's go to the police."* Respondent made both men get into the car and headed for Police Headquarters at Rincón. They left the quarry around eight-thirty or eight-forty-five in the morning.

"(7) On the way to Rincón, the alleged accused, Juan Acevedo Acevedo, told his respondent brother that he would not give himself up to the police until he held counsel with an attorney; that he whished to go and see Paco (Francisco Acevedo Acevedo) his oldest brother, who lived in Mayagüez so that he could guide him and take him to see a lawyer. Respondent judge stopped the car to let his brother off and told him: *'Get off here and go, so that someone may guide you'* and he suggested him the names of several attorneys in Mayagüez, among them a so-called Báez García.

"(8) Respondent continued his way to Police Headquarters with the only eye-witness of the events. Further ahead witness Brignoni, fearing to be *'framed'* and *'that the case be turned against me,'* told respondent that he also wished to go to Mayagüez so that Juancho's lawyer would also guide him. Respondent allowed the only eye-witness who incriminated his brother to go to Mayagüez with the alleged accused in order to be advised by the latter's attorney. He ordered the witness to return early to the Police Headquarters of Rincón, and told him to say nothing until his brother Juan Acevedo Acevedo returned to head-

quarters. Respondent's action permitted both the accused and the only witness who could incriminate him to go to Mayagüez and there be advised by a lawyer.

"(9) Respondent returned to Rincón and it was then when he informed Sergeant Nieves Ruperto for the first time, about the new clue he had in the case and instructed him to notify the Prosecuting Attorney of Aguadilla. The Prosecuting Attorney could not be placed since he was investigating this same case at Ramey Air Force Base since nine o'clock in the morning. He returned to his office at the district attorney's office about eleven or eleven-thirty in the morning.

"(10) At eleven-thirty in the morning of that Monday, August 17, 1959, respondent called the prosecuting Attorney of Aguadilla and spoke to him on the phone informing him that his brother Juan Acevedo Acevedo had been the person who had caused that death and was arrested at Police Headquarters of Rincón. The Prosecuting Attorney immediately left for headquarters, where he found the accused and other witnesses.

"(11) The witness for the prosecution, José Enrique Brignoni Cardona, was ordered by the attorney of the accused to lie in order to explain why the victim of the accident was left abandoned on the highway. The Prosecuting Attorney spent about one hour trying to convince the witness to say the truth. The witness finally said, what he himself has called, the truth of the case.

"(12) The case was submitted for determination of probable cause to Eduardo Loperena, Justice of the Peace of Moca, who found Juan Acevedo Acevedo, brother of respondent, guilty of Involuntary Manslaughter. The accused was committed to jail and was set free after posting the corresponding bail.

"(13) The action of respondent in allowing the only witness for the prosecution to visit the attorney of the accused so that he would be guided before having conferred with the District Attorney, jeopardized seriously the interests of the state in this case.

"Mayagüez, Puerto Rico, February 6, 1961.
        "Respectfully submitted,
            "(Sgd.) ALFREDO ARCHILLA GUENARD,
                            Special Master."

Respondent filed certain objections to said statement of facts which we set aside in our order of last March 24. Hav-

ing granted to the parties a simultaneous term of twenty days within which to file their briefs on the merits of the case, only the Attorney General has filed his. The respondent has failed to do so although the term granted him has expired, and he has not requested an extension thereof.

A careful examination of the transcript of the evidence reveals that all the findings and conclusions of fact submitted in the Master's report are correct and are amply supported by the evidence presented before him.

This Court considers that the charge preferred against respondent has been proved and the acts constituting the same performed by respondent in the discharge of his duties as Justice of the Peace, Rincón Part, constitute immoral conduct as proscribed by § 24 of Act No. 11 of July 24, 1952, as amended by Act No. 60 of June 19, 1959, and under the attendant circumstances we consider that the most adequate sanction applicable in this case is the permanent removal of respondent from his office of Justice of the Peace.

The permanent removal of respondent Luis Acevedo Acevedo from his office of Justice of the Peace is ordered to take effect from the time of our Order suspending him from office and pay.

Mr. Justice Pérez Pimentel and Mr. Justice Serrano Geyls did not participate herein.